**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
FORT PIERCE DIVISION

CASE NO.: 2:20-cv-14058-Rosenberg/Maynard

GUSTAVO CORTEZ-ROMERO,
LUIS GERARDO ALVAREZ-ALONSO,
SABINO CAMPUZANO-DOMINGA,
MIGUEL ANGEL CERECEDO-RODRIGUEZ,
FIDENCIO MARTINEZ-GREGORIO,
CASIMIRO RODRIGUEZ-ESCOBAR,
EDUARDO RODRIGUEZ-CRUZ,
BERNARDO SANTIAGO-ZARAGOZA,
and others similarly situated,

      Plaintiffs,

vs.

MARIN J CORP and
JORGE J. MARIN,

      Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants, Marin J. Corp and Jorge J. Marin ("Defendants"), file their Answer and

Affirmative Defenses to the Amended Complaint filed by the Plaintiffs.  All allegations in the

Amended Complaint which are not specifically admitted herein are denied.

**Preliminary Statement**

1.      Defendants admit that Plaintiffs Gustavo Cortez-Romero, Luis Gerard Alvarez-

Alonso, Sabino Campuzano-Dominga, Miguel Angel Cerecedo-Rodriguez, Fidencio Martinez-

Gregorio, Eduardo Rodriguez-Cruz, Casimiro Rodriguez-Escobar, and Bernardo Santiago-

Zaragoza ("Farmworkers") were recruited by the corporate Defendant in Mexico to harvest crops

in Missouri in the summer of 2018. Defendants admit that the Plaintiff Fidencio Martinez-Gregorio

worked for the corporate Defendant in Florida and North Carolina in 2018. All remaining allegations are denied.

2.      The Defendants admit that the Farmworkers obtained visas through the federal government's H-2A temporary agricultural worker program to perform work for the corporate Defendant in 2018, and that federal law requires that the corporate Defendant reimburse the Farmworkers for their pre-employment transportation from their home to the United States and for visa expenses. All remaining allegations are denied.

3.      The Defendants admit that the Farmworkers were employed by the corporate Defendant harvesting, loading, grading and packing watermelons in Missouri in 2018. All remaining allegations are denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

**Jurisdiction and Venue**

9.      The Defendants admit that this Court has federal-question subject matter jurisdiction of the issues in this case arising under federal law.

10.     The Defendants admit that this Court has federal-question subject matter jurisdiction of the issues in this case arising under federal law and that the Court may exercise supplemental jurisdiction of the related claims asserted by the Plaintiffs under state law.

11.     The Defendants admit that this Court may issue declaratory judgment but deny that any such relief is appropriate in this case.

12.     The Defendants admit only that venue of this case may lie within the territorial limits of this Court. The Defendants specifically deny that the alleged events giving rise to this action took place in this jurisdiction or anywhere else.

**Parties**

13.     The Defendants deny that Jorge J. Marin ("Individual Defendant") employed the Plaintiffs and that they did any work for the Individual Defendant. The Defendants also deny that the Plaintiffs transported watermelons, cantaloupes and pumpkins; and that the Plaintiffs performed any work with cantaloupes or pumpkins. All remaining allegations are admitted.

14.     Admitted, except that Marin J. denies having any knowledge that any supervisor or other person acting on its behalf engaged in any unlawful acts or omissions and therefore denies any such allegations.

15.     The Defendants admit that the Individual Defendant is a resident of Avon Park, Florida; and that he is the owner, president and sole officer of the corporate Defendant. All remaining allegations are denied.

16.     Denied.

**Federal H-2A Visa Program**

17.     Paragraph 17 of the Amended Complaint contains a conclusion of law to which no response is required.

18.     Paragraph 18 of the Amended Complaint contains a conclusion of law to which no response is required.

19.     Paragraph 19 and subparagraphs a-l of the Amended Complaint contain conclusions of law to which no response is required.

20.     Denied.

**Marin J's 2018 Participation in the H-2A Visa Program**

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     The Defendants deny that the Individual Defendant submitted the clearance order. All remaining allegations are admitted.

26.     The Defendants deny that the Individual Defendant submitted the clearance order. All remaining allegations are admitted.

27.     The Defendants deny that the Individual Defendant submitted the clearance order. All remaining allegations are admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Denied.

**Fidencio Martinez-Gregorio's Recruitment, Travel and Arrival in Florida**

34.     The Defendants admit that the corporate Defendant recruited and hired Fidencio Martinez-Gregorio ("Martinez-Gregorio") and other individuals in Mexico to fill the watermelon harvesting jobs described in the corporate Defendant's temporary labor certification application referenced in paragraph 21 of the Amended Complaint. All remaining allegations are denied.

35.     The Defendants admit that Martinez-Gregorio was recruited and hired by the corporate Defendant. The Defendants also admit that Martinez-Gregorio was employed by the corporate Defendant harvesting watermelons pursuant to the corporate Defendant's temporary labor certification application described in paragraph 21 of the Amended Complaint. All remaining allegations are denied

36.     Denied.

37.     The Defendants admit that the alleged expenses described in paragraph 36 of the Amended Complaint are primarily for the benefit or convenience of the corporate Defendant as per the regulations set forth in 29 C.F.R. § 531.3(d)(1). All remaining allegations are denied.

### Fidencio Martinez-Gregorio's Employment in Florida

38.     The Defendants admit that the corporate Defendant employed Martinez-Gregorio harvesting watermelons in central Florida in May 2018. All remaining allegations are denied.

39.     Denied.

40.     Denied.

41.     The Defendants admit the allegations as to the corporate Defendant only. All remaining allegations are denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     The Defendants admit that the corporate Defendant paid Martinez-Gregorio on a piece-rate basis for his work harvesting watermelons for the corporate Defendant in Florida. The Defendants also admit that the corporate Defendant was required to supplement Martinez-Gregorio's earnings if they fell below the minimum wage. All remaining allegations are denied.

46.    Denied.

**The Farmworkers' Recruitment, Travel and Arrival in Missouri**

47.    The Defendants admit that the corporate Defendant recruited and hired some workers from its Florida watermelon-harvesting operations and some workers directly from Mexico for the Missouri harvesting job described in the corporate Defendant's temporary labor certification application referenced in paragraph 22 of the Amended Complaint. All remaining allegations are denied.

48.    The Defendants admit the allegations as to the corporate Defendant. The Defendants deny the allegations as to the Individual Defendant.

49.    The Defendants admit that the corporate Defendant recruited and hired Luis Gerardo Alvarez-Alonso, Sabino Campuzano-Dominga, Miguel Angel Cerecedo-Rodriguez, Gustavo Cortez-Romero, Eduardo Rodriguez-Cruz, Casimiro Rodriguez-Escobar and Bernardo Santiago-Zaragoza and other individuals in Mexico to perform the watermelon harvesting and packing job described in the corporate Defendant's temporary labor certification application referenced in paragraph 22 of the Amended Complaint. All remaining allegations are denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    The Defendants admit that the corporate Defendant employed Alvarez-Alonso, Campuzano-Dominga, Cerecedo-Rodriguez, Cortez-Romero, Rodriguez-Cruz, Rodriguez-Escobar and Santiago-Zaragoza harvesting watermelons per the corporate Defendant's temporary

labor certification application referenced in paragraph 22 of the Amended Complaint. All remaining allegations are denied.

55.     Denied.

56.     The Defendants admit that the alleged expenses described in paragraphs 50 and 55 of the Amended Complaint are primarily for the benefit or convenience of the corporate Defendant as per the regulations set forth in 29 C.F.R. § 531.3(d)(1). All remaining allegations are denied.

57.     Denied.

58.     Denied.

**The Farmworkers' Housing in Missouri**

59.     The Defendants admit that the corporate Defendant assigned the Farmworkers to housing facilities in Kennett or Senath, Missouri. All remaining allegations are denied.

60.     Due to the pendency of a criminal proceeding, the Defendants assert their constitutional right against self-incrimination under the Fifth Amendment of the United States Constitution as to the allegations contained in paragraph 60 of the Amended Complaint.

61.     Admitted, upon information or belief.

62.     Due to the pendency of a criminal proceeding, the Defendants assert their constitutional right against self-incrimination under the Fifth Amendment of the United States Constitution as to the allegations contained in paragraph 62 of the Amended Complaint.

63.     The Defendants are without knowledge to either admit or deny the allegations in paragraph 63 of the Amended Complaint, and therefore they are denied.

64.     The Defendants are without knowledge to either admit or deny the allegations in paragraph 64 of the Amended Complaint, and therefore they are denied.

65.     The Defendants deny that the Individual Defendant owned the "wood frame" house. All remaining allegations are admitted.

66.     The Defendants admit that Plaintiff Martinez-Gregorio was one of the occupants of the "wood frame" house. The Defendants further state that the "wood frame" house was inspected and was found to meet standards pursuant to 20 C.F.R. §654.404, et seq. by an appropriate official, the FLC Program Coordinator for the State of Missouri. All remaining allegations are denied.

67.     The Defendants admit that the corporate Defendant housed the Farmworkers at 200 Slider Street in Kenneth, Missouri for a portion of 2018 and that the facility was the former Dunklin County jail which was purchased by the Individual Defendant in 2018. All remaining allegations are denied.

68.     The Defendants state that the facility contained functional bathroom lights, new bathroom fixtures that did not leak, that the kitchen was not intended to be used because the corporate Defendant provided meals, and there were beds for each occupant. Due to the pendency of a criminal proceeding, the Defendants assert their constitutional right against self-incrimination under the Fifth Amendment of the United States Constitution as to the remaining allegations contained in paragraph 68 of the Amended Complaint.

69.     The Defendants deny that the Individual Defendant relocated members of the crew to the 84 West Motel in Kennett. All remaining allegations are admitted.

70.     The Defendants admit that the corporate Defendant arranged for meals to be catered to the Farmworkers. All remaining allegations are denied.

### The Farmworkers' Employment with Defendants in Missouri

71. The Defendants admit that the corporate Defendant employed the Farmworkers harvesting, loading, grading and packing watermelons in in Missouri in 2018. All remaining allegations are denied.

72. The Defendants admit that the Farmworkers were employed by the corporate Defendant packing and loading watermelons, including the packing facilities operated by Jones & Jones Enterprises, Inc. and/or Elite Farm & Produce.

73. The Defendants admit the allegations as to the corporate Defendant only. All remaining allegations are denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. The Defendants admit that the corporate Defendant was required to supplement employee piece-rate earnings, if necessary, so they at least equaled the mandatory minimum wage rates. All remaining allegations are denied.

80. The Defendants admit that the Farmworkers and other H-2A workers were involved grading and packing watermelon in the facilities described in paragraph 72 of the Amended Complaint and that the FLSA's overtime provisions set forth in 29 U.S.C. §207 would apply for work performed for the corporate Defendant in connection with produce grown by a different farmer. The Individual Defendant denies that the Farmworkers were his personal employees. Due to the pendency of a criminal proceeding, the Defendants assert their constitutional right against

self-incrimination under the Fifth Amendment of the United States Constitution as to the remaining allegations contained in paragraph 80 of the Amended Complaint.

81.     Denied.

82.     Denied.

83.     Denied. The Defendants further deny the un-numbered bulleted sections following paragraph 83 of the Amended Complaint.

84.     The Defendants admit that the United States Department of Labor, Wage and Hour Division, commenced an investigation of the corporate Defendant's activities. All remaining allegations are denied. The Defendants further deny the un-numbered bulleted sections following paragraph 84 of the Amended Complaint.

85.     The Defendants admit that the work in Missouri ended early pursuant to 20 C.F.R. §655.122(o) and that the 3/4 guarantee obligation terminated per the applicable regulations. All remaining allegations are denied.

86.     Denied.

87.     Denied.

**Fidencio Martinez-Gregorio's Employment in North Carolina**

88.     The Defendants admit that the corporate Defendant recruited and hired Martinez-Gregorio to work in North Carolina for the harvesting job described in the corporate Defendant's temporary labor certification application. All remaining allegations are denied.

89.     Denied.

90.     The Defendants admit that the corporate Defendant hired Martinez-Gregorio to work in North Carolina pursuant to the temporary labor certification application described in paragraph 23 of the Amended Complaint. All remaining allegations are denied.

91.     The Defendants admit the allegations as to the corporate Defendant only. All remaining allegations are denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     The Defendants admit that the corporate Defendant paid Martinez-Gregorio on a piece-rate basis for his work for the corporate Defendant. The Defendants also admit that the corporate Defendant was required to supplement Martinez-Gregorio's earnings if they fell below the minimum wage. All remaining allegations are denied.

96.     Denied.

97.     Denied.

98.     Denied.

**Collective Action Allegations**

99.     The Defendants admit that this purports to be a collective action brought by the Farmworkers on behalf of themselves and all other similarly situated persons, consisting of H-2A temporary agricultural workers employed by the corporate Defendant during the 2018 Missouri watermelon harvest. All remaining allegations are denied.

100.    Denied.

101.    Denied.

102.    The Individual Defendant denies that the Farmworkers were his personal employees. Due to the pendency of a criminal proceeding, the Defendants assert their constitutional right against self-incrimination under the Fifth Amendment of the United States Constitution as to the allegations contained in paragraph 102 of the Amended Complaint.

103.    The Defendants admit that this purports to be a collective action brought by the Farmworkers on behalf of themselves and all other similarly situated persons, consisting of H-2A temporary agricultural workers employed by the corporate Defendant during the 2018 Missouri watermelon harvest. The Defendants also admit that notice of the pendency and any resolution of this action can be provided to the members of the class by mail, print publication, radio, internet publication, social media postings, direct messages via social media outlets, and/or through nongovernmental organizations in Mexico. All remaining allegations are denied.

## Count I – Fair Labor Standards Act

104.    The Defendants admit that this purports to be an action brought by the Farmworkers against the Defendants claiming violations of the Fair Labor Standards Act. All remaining allegations are denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    The Individual Defendant denies that the Farmworkers were his personal employees. Due to the pendency of a criminal proceeding, the Defendants assert their constitutional right against self-incrimination under the Fifth Amendment of the United States Constitution as to the allegations contained in paragraph 109 of the Amended Complaint.

110.    Denied.

111.    The Individual Defendant denies that the Farmworkers were his personal employees. Due to the pendency of a criminal proceeding, the Defendants assert their

constitutional right against self-incrimination under the Fifth Amendment of the United States Constitution as to the allegations contained in paragraph 111 of the Amended Complaint.

### Count II – Breach of Contract

112.   The Defendants admit that this purports to be an action brought by the Farmworkers against the Defendants for breach of contract based on the clearance orders described in Paragraphs 21, 22 and 23 of the Amended Complaint. All remaining allegations are denied.

112. [sic] Denied. The Defendants further deny the allegations made in subsections (a) to (e) following paragraph 112 of the Amended Complaint.

113.   Denied. The Defendants further deny the allegations made in subsections (a) to (l) following paragraph 113 of the Amended Complaint.

114.   Denied. The Defendants further deny the allegations made in subsections (a) to (e) following paragraph 114 of the Amended Complaint.

115.   Denied.

### Count III – Trafficking Victims Protection Reauthorization Act – 18 U.S.C. §1589

116.   The Defendants admit that this purports to be an action brought by the Farmworkers against the Defendants for violations of the Trafficking Victims Protection Reauthorization Act. All remaining allegations are denied.

117.   Denied.

118.   Denied.

119.   Denied

120.   Denied.

## Count IV – Florida Minimum Wage Act

121.    The Defendants admit that this purports to be an action brought by Martinez-Gregorio against the Defendants for violations of Section X, Article 24 of the Florida Constitution and Florida Statute §448.110(6)(a). All remaining allegations are denied.

122.    Denied.

123.    The Defendants admit that Martinez-Gregorio notified the Defendants of his intent to initiate this action and identified the estimated work dates, hours for which payment was sought, and total amount of unpaid wages. The Defendants deny that Martinez-Gregorio's conferral was in good faith.

124.    Denied.

## Count V – Missouri Wage Payment Law

125.    The Defendants admit that this purports to be an action brought by the Farmworkers against the Defendants for violations of the Missouri wage payment law, Mo. Rev. Stat. §290.527. All remaining allegations are denied.

126.    Denied.

127.    The Individual Defendant denies that the Farmworkers were his personal employees. Due to the pendency of a criminal proceeding, the Defendants assert their constitutional right against self-incrimination under the Fifth Amendment of the United States Constitution as to the allegations contained in paragraph 127 of the Amended Complaint.

128.    Denied.

## Count VI – North Carolina Wage and Hour Act

129.    The Defendants admit that this purports to be an action brought by Martinez-Gregorio against the Defendants for violations of the North Carolina Wage and Hour Act, N.C.G.S. §95-25.6. All remaining allegations are denied.

130.    Denied.

131.    Denied.

## Prayer for Relief

The Defendants deny that the Plaintiffs and/or all others similarly situated are entitled to the relief sought in the "Prayer for Relief" section following paragraph 131 of the Amended Complaint.

## Jury Trial Demand

The Defendants admit only that the Plaintiffs have demanded trial by jury on issues so triable as a matter of right.

## General Denial

Any allegations not specifically admitted are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      The Complaint fails to state any claim or cause of action upon which relief may be granted. The Defendants reserve the right, pursuant to Federal Rule of Civil Procedure 12(h)(2) to make an appropriate motion for judgment on the pleadings or to dismiss the Amended Complaint before or at the time of trial.

2.      The claims for unpaid wages brought by the Plaintiffs and others alleged to be similarly situated are barred, in whole or in part, by the doctrine of *de minimis non curet lex*.

3.      The claims for unpaid wages brought by the Plaintiffs and others alleged to be similarly situated barred to the extent that they worked any unreported hours, misrepresented and/or concealed the facts from the Defendants including the hours worked or nature of the work performed.

4.      The claims for unpaid wages brought by the Plaintiffs and others alleged to be similarly situated are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which the Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

5.      At no time did the Defendants act in a willful, wanton, reckless and/or malicious manner.

6.      The claim for liquidated damages brought by the Plaintiffs and others alleged to be similarly situated are barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of, which acts are specifically denied by the Defendants, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

7.      The Individual Defendant was not the employer of the Plaintiffs or others alleged to be similarly situated as defined by applicable laws.

8.      The claims brought by the Plaintiffs and others alleged to be similarly situated are barred in whole or in part by the doctrines of waiver, estoppel and/or unclean hands due to the Plaintiffs' own conduct.

9.      The claims brought by the Plaintiffs and others alleged to be similarly situated are barred, in whole or in part, by the applicable statute of limitations.

10.     The claims brought by the Plaintiffs and others alleged to be similarly situated are barred, in whole or in part, by the applicable exemptions, exclusions, exceptions or credits provided pursuant to state and federal law.

11.     The claims brought by the Plaintiffs and others alleged to be similarly situated are barred, in whole or in part, by the exemption provided pursuant to 29 U.S.C. §213(b)(12) and the exemptions from overtime applicable to agricultural employment provided under the applicable state laws, including NC Gen. Stat. §95-25.14(a)(2) and Mo. Rev. Stat. §290.505(3).

12.     The Plaintiff Martinez-Gregorio's claims for violations of Section X, Article 24 of the Florida Constitution and Florida Statute §448.110(6)(a) are barred because the Plaintiff failed to meet the pre-suit requirements set forth in Florida Statute §448.110(6)(a) in good faith.

13.     The Defendants fully paid the Plaintiffs the appropriate wages. The Plaintiffs' claims are thus barred, in whole or in part, by accord and satisfaction and/or payment.

14.     Insofar as an enforceable contract may have existed between the Plaintiffs and either or both of the Defendants, the Plaintiffs failed to fulfill their employment obligations, breached the employment contract, and are not entitled to recovery.

15.     Insofar as an enforceable contract may have existed between the Plaintiffs and either or both of the Defendants, the Defendants claim an offset against any sums that may be due for the willful action of Plaintiffs and those alleged to be similarly situated in abandoning and/or breaching their contract.

16.     Insofar as an enforceable contract may have existed between the Plaintiffs and either or both of the Defendants, the Plaintiffs  and those alleged to be similarly situated had a duty to mitigate their purported damages and, to the extent the Plaintiffs and those alleged to be

similarly situated failed to mitigate those damages, any damages awarded to the Plaintiffs those who are similarly situated should be reduced accordingly.

17.     The Plaintiffs' claims should be stayed pursuant to 18 U.S.C. §1595 (b)(1) and (2) because a "criminal action," as defined by the statute, is pending and pursuant to applicable principles under which persons subject to potential criminal prosecutions should not be forced to waive important Constitutional rights including rights under the Fifth Amendment that do not require the waiver of the right against self-incrimination.

18.     The Plaintiffs' claims for violations of the TVVPA are barred because the Plaintiffs voluntarily engaged in work for pay on behalf of the corporate Defendant and did so without threat, compulsion, fraud or coercion.

19.     The Plaintiffs' claims for "emotional pain and suffering" are barred, in whole or in part, to the extent that the pre-existing emotional, psychological, and physical conditions prior to the alleged acts of misconduct of Plaintiffs or others alleged to be similarly situated were  such that none of the Defendants' alleged acts proximately caused or contributed in any manner to the alleged injuries or damages of the Plaintiffs or others alleged to be similarly situated.

20.     The Plaintiffs' claims for punitive damages are barred because the acts, if any, and omissions, if any, of either or both of  the Defendants do not rise to the level required to sustain an award of punitive damages, were not motivated by evil intent, do not evidence a reckless or callous indifference to any of the protected rights of the Plaintiffs or those who are similarly situated, and are not so wanton or willful as to support an award of punitive damages as a matter of law.

21.     The Plaintiffs and those alleged to be similarly situated are not entitled to recover punitive damages under the doctrine of vicarious liability because the Defendants acted in good faith and without fault.

22.     At all relevant times, the Defendants made good faith efforts to comply with the laws and statutes under which the claims in this case are asserted, thus precluding an award of punitive damages.

23.     The housing that the corporate Defendant provided to the Plaintiffs at the Budget Inn had appropriate state licensing/permits. The housing that the corporate Defendant provided to the Plaintiffs at the "wood frame" house was found to meet standards pursuant to 20 C.F.R. §654.404, et seq. by the United States Department of Labor, Employment and Training Administration.

24.     The Plaintiffs failed to promptly report issues, if any, to the Defendants so they could be addressed, including but not limited to, complaints about unpaid wages, living and working conditions, and alleged threats of force or serious harm.

25.     The Plaintiffs claims are barred pursuant to 20 C.F.R. §655.122(o) on the grounds that the corporate Defendant terminated the Missouri work early for reasons beyond the control of the Defendants.

26.     Plaintiffs and those similarly situated suffered no actual damages as a result of any act or omission by either Defendant.

27.     Any damages or other injury allegedly sustained by the Plaintiffs and those similarly situated were the result of their own actions or omissions to act and/or those of third parties who were not subject to the control of either Defendant.

28.     Any claims of Plaintiffs and those similarly situated are barred or the recovery for such claims should be reduced by the doctrine of avoidable consequences.

29.     Any payment made at a later time than was due was caused by actions or omissions of third parties and not by the Defendants for which neither was responsible.

30.     Any amount due to the Plaintiffs should be reduced by all amounts paid to the Plaintiffs at a later time.

31.     The Plaintiffs claims and those similarly situated are barred to the extent the statute of limitations and requirements of 29 U.S.C. §256 or 257 are applicable and otherwise by the statute of limitations of 29 U.S.C. §255.

32.     The Plaintiffs claims and those similarly situated are barred pursuant to NC Gen. Stat. §95-25.22(f), which provides that an action must be brought within 2 years.

33.     The Plaintiffs claims and those similarly situated are barred pursuant to Mo. Rev. Stat. §298.527, which provides that an action must be brought within 2 years, as the applicable statute existed before November 6, 2018.

34.     The Defendants reserve the right to modify and supplement their affirmative defenses and to plead additional affirmative defenses to the claims of the Plaintiffs based upon such facts and circumstances as become known to them subsequent to the date hereof.

WHEREFORE, the Defendants assert that the Plaintiffs should take nothing in this action, and that the Defendants should recover its costs and reasonable attorneys' fees in this matter, together with such other relief.

Dated: May 22, 2020.                          Respectfully submitted,


By:    */s/Ilanit S. Fischler*
        Ilanit S. Fischler
        Fla. Bar No. 106691
        ifischler@fisherphillips.com
        FISHER & PHILLIPS LLP
        450 East Las Olas Boulevard
        Suite 800
        Fort Lauderdale, FL 33301
        Telephone: (954) 525-4800
        Facsimile:  (954) 525-8739

Ann Margaret Pointer
Georgia Bar No. 582750
*Pro Hac Vice Motion to be filed*
apointer@fisherphillips.com
FISHER & PHILLIPS LLP
1075 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30309
Telephone: (404) 240-4223
Facsimile: (404) 240-4249

*Attorneys for Defendants*