UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT PIERCE DIVISION

Case No. 2:20-cv-14058-ROSENBERG/MAYNARD

GUSTAVO CORTEZ-ROMERO, )
LUIS GERARDO ALVAREZ-ALONSO, )
SABINO CAMPUZANO-DOMINGA, )
ROMAN CAMPUZANO-SOLANO, )
ADAN CASTRO-GUERRERO, )
MIGUEL ANGEL CERECEDO-RODRIGUEZ, )
DIEGO CRUZ-CRUZ, )
QUIRINO EUGENIO-LUGO, )
LEOBARDO GONZALEZ-OLVERA, )
ALFREDO LUGO-GARCIA, )
FIDENCIO MARTINEZ-GREGORIO, )
OSCAR MERIDA-GODINEZ, )
MIGUEL ANGEL MORALES-TELLEZ, )
SILVINO RAMIREZ-JIMENEZ, )
EDUARDO RODRIGUEZ-CRUZ, )
CASIMIRO RODRIGUEZ-ESCOBAR, )
BERNARDO SANTIAGO-ZARAGOZA, )
BONIFACIO VILLEGAS-CERECEDO and )
EDUARDO YAÑEZ-YAÑEZ, )
)
      **Plaintiffs,** )
)
v. )
)
MARIN J CORP and )
JORGE J. MARIN, )
)
      **Defendants.** )

**JOINT MOTION FOR FLSA FAIRNESS DETERMINATION
AND APPROVAL OF SETTLEMENT**

With the assistance of a mediator, the Parties have reached an agreement to resolve this lawsuit (Docket Entry 63). The terms of this settlement are set out in the accompanying Settlement Agreement (exhibit A).

In this litigation, among other things, Plaintiffs sought to recover unpaid minimum and overtime wages allegedly due them under the Fair Labor Standards Act ("FLSA"). Second Amended Complaint, Docket Entry 57, at 44-46. Accordingly, the Court has the responsibility of reviewing approving the parties' settlement agreement. *Molnoski v. Batasian*, 265 F.Supp.3d 1355 (S.D. Fla. 2017); *Silva v. Miller*, 547 F.Supp.2d 1299, 1302-03 (S.D. Fla. 2008), *aff'd*, 307 Fed.Appx. 349 (11th Cir. 2009) ; *Desmosthenes v. Florida Bottling Co.*, No. 08-60889, 2008 WL 4382847 at *1 (S.D. Fla. ("*any* [FLSA] settlement must be approved by the Court.") (original emphasis).

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Parties request a fairness determination and approval of their settlement as to Plaintiffs' Fair Labor Standards Act claims.

## PROCEDURAL HISTORY AND STIPULATED FACTS

This dispute principally centers on the 2018 watermelon harvest in southeastern Missouri, extending for an eight-week period from late June through August 22, 2018. Several Plaintiffs also are pursuing claims involving their 2018 work with Defendants in Florida or North Carolina.

Defendants are farm labor contractors, based in Avon Park, who furnish farmworkers to growers in Florida, Georgia, Missouri, Indiana and North Carolina to help harvest and pack perishable fruit or vegetable crops. Defendants arranged for the workers' temporary housing facilities, provided daily transportation to and from the jobsite, supervised their daily work, and

paid the harvesters their wages.  Defendant Jorge J. Marin is the owner and president of Defendant Marin J Corp.

In recent years, much of Defendants' workforce has been comprised of Mexican nationals hired through the H-2A guest worker program.  Under the H-2A program, agricultural employers, including farm labor contractors, experiencing a labor shortage are permitted to import foreign nationals under terms established by extensive regulations issued by the United States Department of Labor ("DOL").  Among other things, these regulations require that the H-2A workers be paid a wage in excess of federal and state minimum wages.  This wage, known as the adverse effect wage rate or "AEWR", is set annually by the DOL and varies from state to state.  20 C.F.R. §§ 655.120(a) and 655.122(l).  The 2018 AEWR for Missouri was $13.42 per hour.  82 Fed. Reg. 60628-29 (Dec, 21, 2017).  Besides payment of the AEWR, H-2A employers are required to provide workers with housing meeting federal safety and health standards. 20 C.F.R. § 655.122(d).  Plaintiffs are among the approximately 100 H-2A workers Defendants furnished during 2018 to two southeastern Missouri watermelon farms.  Six Plaintiffs worked with Defendants for several months in Florida prior to traveling to Missouri. Two Plaintiffs picked apples in North Carolina with Defendants after the Missouri harvest ended.

Plaintiffs contend that throughout their tenure in 2018 as members of Defendants' crew, their wages fell below the AEWR, and occasionally below the FLSA minimum wage.  DE 57, at 33-34, 45, ¶¶ 109-110 and 137-140.  Plaintiffs also claim that they are entitled to overtime wages under the FLSA for their Missouri work, because they packed watermelons produced by a number of different farms.  DE 57, at 34, 45, ¶ 111 and 141; *Acosta v. Bland Farms Production and Packing, LLC*, 276 F.Supp.3d 1370, 1376-77 (S.D. Ga. 2017), *aff'd* 767 Fed. Appx. 862 (11th Cir. 2019).  Plaintiffs allege that Defendants' breached their employment contracts in a

number of respects, including providing housing accommodations that fell short of federal health and safety standards. DE 57, at 28-31, 49-50, ¶¶ 90-98 and 149.  Plaintiffs assert that Defendants forced them into remaining in their employ in Missouri through a scheme of intimidation and threats designed to compel them to continue working, amounting to forced labor and trafficking in violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589–1590. DE 57, at 51-53, ¶¶ 153-155 and 159.  Defendants deny Plaintiffs' allegations.

## Mediation

This case was tentatively resolved, pending this Court's approval, on August 10, 2020 during a mediation session with Erika Deutsch Rotbart serving as mediator.  DE 63. Even though a settlement has been reached, Plaintiffs insist that while with Defendants' crew, they were underpaid, housed in substandard accommodations and subjected to forced labor in violation of federal anti-trafficking laws.  Defendants continue to deny Plaintiffs' allegations and do not acknowledge that any legal obligations or contractual guarantees were violated or breached. Nonetheless, the parties agree that settlement is in their best interests, given the time and expense of litigating further and the uncertainty as to when a jury trial will be able to conducted under the current circumstances.  Except for a brief period during which Defendants were in the process of obtaining new counsel, the Parties have been represented by their respective attorneys throughout the litigation, mediation and with regard to the preparation of the accompanying Settlement Agreement.

The Settlement Agreement includes payment of wage and non-wage damages to each Plaintiff as set out below, as well as providing for partial reimbursement of out-of-pocket litigation costs to Plaintiffs' attorneys. The variances in the amounts among Plaintiffs stem in

part from differences in the duration the individual Plaintiffs' employment with the Defendants' crew as well as the differences among Plaintiffs' claims against Defendants.

| Plaintiff | Wage damages | Non-wage damages | Total settlement amount |
|---|---|---|---|
| Gustavo Cortez-Romero | $ 2,663.71 | $ 2,886.77 | $ 5,550.48 |
| Luis Gerardo Alvarez-Alfonso | $ 1,430.99 | $ 679.24 | $ 2,110.23 |
| Noé Badillo-Flores | $ 514.66 | $ 0.00 | $ 514.66 |
| Sabino Campuzano-Dominga | $ 4,661.40 | $ 4,584.87 | $ 9,246.27 |
| Roman Campuzano-Solano | $ 4,082.89 | $ 4,584.87 | $ 8.667.76 |
| Adan Castro-Guerrero | $ 3,162.28 | $ 4,160.35 | $ 7.322.63 |
| Miguel Angel Cerecedo-Rodriguez | $ 2,352.24 | $ 2,886.77 | $ 5,239.01 |
| Diego Cruz-Cruz | $ 4,690.98 | $ 4,924.49 | $ 9,615,47 |
| Quirino Eugenio-Lugo | $ 5,746.18 | $ 3,820.73 | $ 9,566.91 |
| Leobardo Gonzalez-Olvera | $ 1,772.82 | $ 1,018.86 | $ 2,791.68 |
| Alfredo Lugo-Garcia | $ 3,993.47 | $ 3,735.82 | $ 7,729.29 |
| Fidencio Martinez-Gregorio | $ 5,484.81 | $3.735.82 | $ 9,220.63 |
| Oscar Merida-Godiñez | $ 3,678.90 | $ 4.584.87 | $ 8,263.77 |
| Miguel Angel Morales-Tellez | $ 3,925.36 | $ 4,584.87 | $ 8,510.23 |
| Silvino Ramirez-Jimenez | $ 4.580.39 | $ 0.00 | $ 4,580.39 |
| Eduardo Rodriguez-Cruz | $ 3.158.76 | $ 4.,160.35 | $ 7,319.10 |
| Casimiro Rodriguez-Escobar | $ 3,398.03 | $ 4,160.35 | $ 7,558.38 |
| Bernardo Santiago-Zaragoza | $ 4,239.83 | $ 4,584.87 | $ 8,824.70 |
| Bonifacio Villegas-Cerecedo | $ 4,228.98 | $ 4,584.87 | $ 8,813.85 |

| | | | |
|---|---|---|---|
| Eduardo Yañez-Yañez | $ 3,969.69 | $ 4,584.87 | $ 8,554.56 |

The Parties agree that the majority of Plaintiffs' wage claims stem from the alleged failure of Defendants to pay the applicable AEWR, rather than from the shortages under the lower FLSA minimum wage of $7.25 per hour or failure to pay overtime wages for the relatively short (eight weeks) 2018 Missouri watermelon harvest. Under the Settlement Agreement, each Plaintiff's claim for alleged underpayment of AEWR wages is based on contemporaneous notes maintained by Plaintiffs and an analysis of Defendants' payroll records, is satisfied in full, including payment of all liquidated damages due under the FLSA. Under the Settlement Agreement, Plaintiffs receive additional damages, including for liquidated damages under the FLSA, the Missouri Wage Payment Law and the North Carolina Wage and Hour Act. The settlement amounts for non-wage claims are principally for the allegedly substandard housing furnished Plaintiffs in Missouri and Plaintiffs' forced labor claims under the TVPRA. The Settlement Agreement is intended to discharge Defendants from all claims arising out of Plaintiffs' employment with them in 2018, excluding only claims arising under workers' compensation laws, if any.

The Settlement Agreement includes payment of $5,000.00 to Plaintiffs' counsel to partially reimburse them for out-of-pocket costs they have expended in this litigation. Otherwise, the parties are responsible for bearing their own costs and attorney's fees.

## MEMORANDUM OF LAW

There are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised

by the Secretary of Labor. 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of settling private FLSA suits, the parties may "present the district court a proposed settlement" and "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1306 (11th Cir. 2013), citing *Lynn's Food Stores, Inc.,* 679 F2d at 1353 (11th Cir. 1982). *See also Lowery v. Delta Recycling Corp.*, No. 05-14388-civ-Graham, 2007 WL 9702635 at *1 (S.D. Fla. Feb. 12, 2007) ("if the settlement reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation.")  Without this review, the FLSA's policy goals of preventing substandard wages and oppressive working conditions might be undermined because of the often unequal bargaining power between employers and their employees. *Niland v. Delta Recycling Corp.,* No. 03-80259, 2003 WL 21939781 at *2 (S.D. Fla, Aug. 7, 2003).

     A proposed settlement is more likely to represent a fair and reasonable compromise when it is entered into in an adversarial context where both sides are represented by counsel. *Morris v. J & L Construction, Inc.*, No. 06-61638-CIV-COHN, 2007 WL 1482025 at *1 (S.D. Fla. May 17, 2007).  In such situations, the employee is represented by an attorney who is able to protect his rights. *Kuhns v. Nick Panebianco, P.A.*, No. 13-60332-civ-Dimitrouleas, 2013 WL 12142356, at *1 (S.D. Fla. Apr. 17, 2013).[1]

---

[1] On occasion, this Court has concluded that when an employee is represented by counsel in an adversarial proceeding, fairness can be assumed and court approval of the settlement is not required. *Fernandez v. A-1 Duran Roofing, Inc.*, No. 12-CV-20757, 2013 WL 684736 at *1 (S.D. Fla.. Feb. 25, 2013).

In determining whether a FLSA settlement is fair and reasonable, courts typically consider several factors, including (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Jacome v. Ricoh Latin America, Inc.*, No. 19-CIV-61004-RAR, 2019 WL 10058937 at *1 (S.D. Fla. Aug 20, 2019); *McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322, 2010 WL 4625999 at *1 (S.D. Fla. Nov. 4, 2010). In this case, each of these factors support approval of the Parties' Settlement Agreement

**Lack of collusion.** There was no collusion in this instance. The settlement was reached in a day-long mediation session before a mediator designated by the Court. Docket Entries 5, 45 and 63.

**Complexity, expense and likely duration of litigation.** This litigation was unusually complex for an FLSA action. Besides their claims of unpaid minimum and overtime wages under the FLSA, Plaintiffs contend that Defendants breached numerous provisions of their employment contracts and violated the TVPRA. Docket Entry 52, 2020 WL 162979 at *1. Besides the claims arising out of the 2018 Missouri watermelon harvest, Plaintiffs sought relief for similar violations occurring during their work in Florida and North Carolina. Discovery promised to be expensive, both because of the number of witnesses involved and the fact that many of them reside abroad. The Parties estimate that a week or more would be required to try this case.

**Stage of the proceedings and the amount of discovery completed.** Plaintiffs have already served a number of subpoenas duces tecum on third parties, obtaining thousands of pages of documents in response. The information from these documents assisted the Parties in

evaluating their respective positions during the mediation.  The mediation was conducted as the Parties were prepared to embark on extensive additional discovery, including a number of depositions. It was anticipated that some of these depositions might need to be conducted abroad, where many of the witnesses reside. The prospect of incurring the costs associated with these depositions was a factor in the Parties' decision to settle at this juncture.

**Probability of Plaintiffs' success on the merits.**  While they believe that they would ultimately prevail on all substantive issues in this litigation, Plaintiffs acknowledge that there are substantial factual disputes with respect to virtually all of the claims, making it unlikely that any substantial portion of the case can be resolved through summary judgment.  It is difficult to predict how a jury would treat Plaintiffs' various contentions.

In order to prevail on their wage-related claims, Plaintiffs will need to discredit Defendants' payroll records.  Plaintiffs expect to show, by testimony and other evidence, that the payroll records substantially underreport the hours of work, but Defendants are confident that their payroll records are accurate, and will demonstrate that Plaintiffs were paid properly for their work.  Factual disputes exist as to whether Defendants reimbursed Plaintiffs for their inbound and outbound transportation and related expenses, as Defendants have produced documents supporting their contention that these expenses were indeed reimbursed.  Relying in part on evidence presented earlier to a Missouri federal court, Plaintiffs expect to prevail on their claims of substandard housing facilities.  Plaintiffs' forced labor claims under the TVPRA are the subject of considerable dispute between the Parties, and will likely turn on Plaintiffs' credibility as to  the underlying trafficking facts.

**Range of possible recovery.**  Plaintiffs have estimated their unpaid wages based on 10 hour workday, a figure considerably higher than that reflected on Defendants' payroll records.

In these estimates Plaintiffs also considered entitled to overtime pay for their Missouri work. Under these assumptions, Plaintiffs are owed approximately $47,000 in additional wages under their employment contracts, plus $11,000 in FLSA overtime wages for their Missouri work. With liquidated damages (the Missouri Wage Payment Law awards treble damages for unpaid wages), Plaintiffs estimate they are owed in excess of $150,000 on their wage-related claims. Plaintiffs estimate they would recover at least $160,000 on their TVPRA claims, based on award of $200 for each day a Plaintiff spent with Defendants' crew in Missouri. A similar formula was used to award TVPRA damages to H-2A workers in a recent case in Georgia. *Medina-Arreguin v. Sanchez*, 398 F.Supp.3d 1314, 1328 (S.D. Ga. 2019).

**Opinions of counsel.** The parties are represented by counsel with decades of experience in labor and employment law matters. While both sides expect to prevail at trial, counsel believe that settlement of this matter is in the best interest of all parties. Besides the substantial costs involved in preparing for a jury trial, the parties doubt that this case will be able to be tried in January, 2021, as currently scheduled and in fact may be delayed for many months thereafter. Besides the disruptions and delays resulting from the current COVID-19 pandemic, this matter may yet be stayed pursuant to 18 U.S.C. § 1595(b)(1), a possibility the Court has acknowledged. DE 52, at 4.

## CONCLUSION

Based on the foregoing, the Parties jointly request that the Court approve the Settlement Agreement attached hereto as Exhibit A. As described in the Settlement Agreement, the Parties will later seek dismissal of this case once the Court has approved the Agreement and Defendants have complied with their payment obligations therein.

- 11 -

Respectfully submitted,

For the Plaintiffs:                                                                 For the Defendants:


***Gregory S. Schell***                                                         ***Dana  M. Gallup***
Gregory S. Schell                                                                   Dana M. Gallup
Florida Bar Number 287199                                             Florida Bar Number 949329
SOUTHERN MIGRANT LEGAL SERVICES           GALLUP AUERBACH
311 Plus Park Boulevard                                                   4000 Hollywood Boulevard
Suite 135                                                                                Presidential Circle, Suite 265 South
Nashville, Tennessee  37217                                           Hollywood, Florida   33021
Telephone:      (615) 538-0725                                       Telephone:      (954) 894-3035
Facsimile:       (615) 366-3349                                        Facsimile:       (954) 894-8015
e-mail:             gschell@trla.org                                       e-mail:             dgallup@gallup-law.com


Julie M. Larson                                                                     Jacob K. Auerbach
Missouri Bar Number 70500                                           Florida Bar Number 084003
LEGAL AID OF WESTERN MISSOURI, INC.        GALLUP) AUERBACH
4001 Blue Parkway                                                             4000 Hollywood Boulevard
Suite 300                                                                                Presidential Circle, Suite 265 South
Kansas City, Missouri  64130                                          Hollywood, Florida 33021
Telephone:      (816) 474-1413                                       Telephone:      (954) 894-3035
Facsimile:       (816) 474-9751                                        Facsimile:       (954) 894-8015
e-mail             jlarson@lawmo.org                                 e-mail:             jauerbach@gallup-law.com
*Appearing pro hac vice*