## SETTLEMENT AGREEMENT, RELEASE OF CLAIMS, AND COVENANT NOT TO SUE

This Settlement Agreement, Release of Claims, and Covenant Not to Sue ("Agreement") is made by and between GUSTAVO CORTEZ-ROMERO, LUIS GERARDO ALVAREZ-ALONSO, NOE BADILLO-FLORES, SABINO CAMPUZANO-DOMINGA, ROMAN CAMPUZANO-SOLANO, ADAN CASTRO-GUERRERO, MIGUEL ANGEL CERECEDO-RODRIGUEZ, DIEGO CRUZ-CRUZ, QUIRINO EUGENIO-LUGO, LEOBARDO GONZALEZ-OLVERA, ALFREDO LUGO-GARCIA, FIDENCIO MARTINEZ-GREGORIO, OSCAR MERIDA-GODINEZ, MIGUEL ANGEL MORALES-TELLEZ, SILVINO RAMIREZ-JIMENEZ, EDUARDO RODRIGUEZ-CRUZ, CASIMIRO RODRIGUEZ-ESCOBAR, BERNARDO SANTIAGO-ZARAGOZA, BONIFACIO VILLEGAS-CERECEDO, and EDUARDO YAÑEZ-YAÑEZ, (collectively, "Plaintiffs"), and MARIN J. CORP. and JORGE J. MARIN ("Defendants"). Plaintiffs and Defendants are collectively referred to hereinafter as the "Parties."

**WHEREAS**, Plaintiffs have asserted claims in a complaint filed in the United States District Court for the Southern District of Florida, *Gustavo Cortez-Romero, et.al. v. Marin J. Corp and Jorge J. Marin*, Case No. 2:20-cv-14058, ("the Lawsuit"), including claims under the Fair Labor Standards Act, the Trafficking Victims Protection Reauthorization Act, and their H-2A employment contracts;

**WHEREAS,** the Parties reached a mutual agreement to settle all claims and resolve finally and forever all differences between them as set forth herein; and

**WHEREAS**, as stated above the Parties desire to compromise, settle, fully release, and discharge any and all claims and allegations in the Lawsuit and arising out of their 2018 employment with Defendants' agricultural labor crew, excluding only any claims arising under worker's compensation laws.

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, and agreements set forth below, the adequacy and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement.**  Following execution of this Agreement and as specified below, Defendants shall pay the entire mediator's fee and shall further pay to Plaintiffs the total sum of One Hundred Forty-Five Thousand and No One-Hundredths Dollars ($145,000.00) ("Settlement Payment"), together with the other consideration contained herein, as full and final settlement of Plaintiffs' claims as alleged in the Lawsuit and arising out of their employment by Defendants in 2018, excluding only claims, if any, arising under workers' compensation laws. This amount shall consist of $140,000.00 to be distributed among Plaintiffs and $5,000 to be paid to Legal Aid of Western Missouri for a portion of its out-of-pocket expenditures in this case on behalf of Plaintiffs.  All payments to Plaintiffs shall made by checks payable to Legal Aid of Western Missouri Client Trust Account.  These payments shall be made as follows:

   a. One (1) payment of $45,000.00 by September 1, 2020;

   b. Ten (10) monthly payments of $10,000.00 each month beginning October 1, 2020 with the final payment made by July 1, 2021.

2. **Allocation of Settlement Payments Among Claimants.**  Of the $140,000 to be paid to Plaintiffs pursuant to Paragraph 1, the Parties agree that the Settlement Payments will be allocated among Plaintiffs as follows:

| Plaintiff | Wage damages | Non-wage damages | Total settlement amount |
|---|---|---|---|
| Gustavo Cortez-Romero | $ 2,663.71 | $ 2,886.77 | $ 5,550.48 |

| | | | |
|---|---|---|---|
| Luis Gerardo Alvarez-Alfonso | $ 1,430.99 | $   679.24 | $ 2,110.23 |
| Noé Badillo-Flores | $   514.66 | $       0.00 | $   514.66 |
| Sabino Campuzano-Dominga | $ 4,661.40 | $ 4,584.87 | $ 9,246.27 |
| Roman Campuzano-Solano | $ 4,082.89 | $ 4,584.87 | $ 8.667.76 |
| Adan Castro-Guerrero | $ 3,162.28 | $ 4,160.35 | $ 7.322.63 |
| Miguel Angel Cerecedo-Rodriguez | $ 2,352.24 | $ 2,886.77 | $ 5,239.01 |
| Diego Cruz-Cruz | $ 4,690.98 | $ 4,924.49 | $ 9,615,47 |
| Quirino Eugenio-Lugo | $ 5,746.18 | $ 3,820.73 | $ 9,566.91 |
| Leobardo Gonzalez-Olvera | $ 1,772.82 | $ 1,018.86 | $ 2,791.68 |
| Alfredo Lugo-Garcia | $ 3,993.47 | $ 3,735.82 | $ 7,729.29 |
| Fidencio Martinez-Gregorio | $ 5,484.81 | $3.735.82 | $ 9,220.63 |
| Oscar Merida-Godiñez | $ 3,678.90 | $ 4.584.87 | $ 8,263.77 |
| Miguel Angel Morales-Tellez | $ 3,925.36 | $ 4,584.87 | $ 8,510.23 |
| Silvino Ramirez-Jimenez | $ 4.580.39 | $       0.00 | $ 4,580.39 |
| Eduardo Rodriguez-Cruz | $ 3.158.76 | $ 4.,160.35 | $ 7,319.10 |
| Casimiro Rodriguez-Escobar | $ 3,398.03 | $ 4,160.35 | $ 7,558.38 |
| Bernardo Santiago-Zaragoza | $ 4,239.83 | $ 4.584.87 | $ 8,824.70 |
| Bonifacio Villegas-Cerecedo | $ 4,228.98 | $ 4,584.87 | $ 8,813.85 |
| Eduardo Yañez-Yañez | $ 3,969.69 | $ 4,584.87 | $ 8,554.56 |

The Parties agree that having sought and obtained advice of counsel of their choice as set forth below and after informal presentation to such counsel of records of hours worked and payments, the amounts shown above constitute full, fair, and complete payment of all allegedly

unpaid wages and other damages due to Plaintiffs, including minimum wages and overtime alleged to be due under the Fair Labor Standards Act, considering disputed facts, with regard to their employment with Defendants during 2018. As referenced above, these figures are derived from contemporaneous notes maintained by Plaintiffs and an analysis of Defendants' payroll records.  The Parties understand that Defendants dispute Plaintiffs' claims of previously unpaid wages, and they agree that Plaintiffs withdraw and now and hereafter assert no additional claim for liquidated damages other than as provided in the "wage damages" shown above.  The remaining moneys that are due to be paid to Plaintiffs are in satisfaction of Plaintiffs' other claims arising out of their employment with Defendants in this action, including claims for alleged breach of contract and for alleged violations of the Trafficking Victims Protection Reauthorization Act and all other federal and state laws, regulations, common law principles, and bases upon which they might assert claims.

      3.    **Taxes.**  The monetary amounts set out in Paragraphs 1 and 2 shall be paid in full as provided in this Agreement. The Parties agree that they shall bear their own responsibility for any tax-related obligations that may arise from the Settlement Payment.  If Defendants issue any tax form regarding the payments to Plaintiffs described in Paragraph 1, they shall not report or pay any portion of the Settlement Proceeds using an Internal Revenue Service Form 1099-NEC.

      4.    **Payment of Settlement Proceeds.**  Defendants shall transmit the Settlement Payments described in Paragraph 1 directly to Plaintiffs' counsel, Julie M. Larson, Esq. of Legal Aid of Western Missouri, Inc. as specified in Paragraph 1 subject to and following Court approval of the Agreement. Defendants will be responsible for and bear any costs associated with ensuring that the Settlement Payments to each of the Plaintiffs is completed successfully.

5. **Costs and Attorney's Fees.**  The Parties agree to bear their own respective costs and attorney's fees, except as otherwise provided for in this Agreement.

6. **Default and opportunity to cure.**  In the event that Defendants fail to make any payment as provided in Paragraph 1, Plaintiffs' counsel will provide to Defendants' counsel, Dana M. Gallup, Esq., by e-mail a Notice of Default. Defendants will have an opportunity to cure the default by making the payment due within five (5) days of receipt of the Notice of Default. If Defendants fail to cure the default as provided herein, Plaintiffs will be entitled to a default judgment in the amount of $200,000.00, less payments received upon a showing to the Court of evidence as to the default.

7. **Provision of Social Security cards.**  Within ten (10) days of this Agreement being fully executed, Defendants will provide to Plaintiffs' counsel all documents received from the Social Security Administration addressed to or related to the following Plaintiffs:  Gustavo Cortez-Romero, Sabino Campuzano-Dominga, Roman Campuzano-Solano, Oscar Merida-Godiñez, Bonifacio Villegas-Cerecedo, and Eduardo Yañez-Yañez.  These letters are believed to contain Social Security cards and/or Social Security account numbers for these individuals. Defendants agree to transmit promptly to Plaintiffs' counsel, Julie M. Larson of Legal Aid of Western Missouri any additional documents that it later discovers in its custody or possession that are addressed to or related to any of the Plaintiffs.

8. **Full and Final Release of Claims Against Defendants.**  As set forth in this Agreement, as consideration for Defendants' performance of all the actions set forth herein, Plaintiffs, for themselves and for their personal representatives, heirs, successors, and assigns, if any, fully, completely, irrevocably, and unconditionally release and forever discharge Defendants from any and all claims arising out of their employment with Defendants in 2018,

including all claims alleged in the Lawsuit, excluding only claims arising under workers' compensation laws, if any. The parties agree to file the attached Stipulation of Dismissal with Prejudice of the Lawsuit, with each party to bear their own attorney's fees and costs, and with the Court retaining jurisdiction to enforce the terms of this Agreement.

9. **Bankruptcy Filing.** Defendants agree that they will not file for protection under the bankruptcy laws within 90 days of any payment to Plaintiffs of the amounts set forth in Paragraphs 1.  By executing this Agreement, Defendants affirmatively represents to Plaintiffs that they have or will be able to obtain sufficient funds to pay the Settlement Payments set forth in Paragraph 1, and Defendants acknowledge that, in entering into this Agreement, Plaintiffs are relying on Defendants' agreement as provided for herein not to file for bankruptcy protection.

10. **Non-Encouragement of Claims.** Plaintiffs agree that they will not encourage or incite any person, including but not limited to, any current or former employees of Defendants to assert any complaint or claim in federal or state court or with any federal or state agency against Defendants with respect to any matter released herein.  This shall not preclude Plaintiffs from providing information to federal agencies with respect to applications for immigration relief. Plaintiffs acknowledge that any encouragement or incitement of others to file such claims would constitute a material breach of this Agreement.

11. **Notices.** Any notice or other communication required hereunder shall be given in writing by e-mail and addressed as set forth below:

   a. In the case of notice to Defendants, to both:

   Dana M. Gallup
   Email: dgallup@gallup-law.com

   Jacob K. Auerbach
   Email: jauerbach@gallup-law.com

        4000 Hollywood Boulevard, Suite 265 South
        Hollywood, Florida 33021
        Telephone:    (954) 894-3035

    b.    In the case of notice to Plaintiffs, to both:

        Gregory S. Schell
        Email: gschell@trla.org
        Southern Migrant Legal Services
        311 Plus Park Boulevard, Suite 135
        Nashville, Tennessee 37217
        Telephone: (615) 538-0725

        Julie M. Larson
        E-mail: jlarson@lawmo.org
        Legal Aid of Western Missouri
        4001 Blue Parkway, Suite 300
        Kansas City, Missouri 64130
        Telephone: (816) 474-1413

12.    **Offer of Compromise.**  The Parties agree that this Agreement is made in the interest of anticipating and fully and forever compromising, settling, and resolving claims asserted by Plaintiffs given disputed facts. Nothing contained in this Agreement shall constitute any acknowledgment or admission of liability by any Party. The Parties agree that this Agreement is tendered with the intent to compromise and settle the claims as described herein between the Parties.

13.    **Choice of Law.**  This Agreement shall be governed by the laws of the State of Florida and the United States of America and shall bind the Parties thereto and their respective heirs, estates, successors, assigns, attorneys, and representatives, and all other persons or entities in privity with them.

14.    **Severability.**  The provisions of this Agreement are severable, and if any part thereof is found to be invalid or unenforceable, the Parties shall use their best efforts to substitute a valid, legal, and enforceable provision that, insofar as practicable, implements the purposes of

this Agreement. Any failure to enforce any provision of this Agreement shall not constitute a waiver thereof, or of any other provision, so long as the purpose of this Agreement to resolve all claims, except claims under the workers' compensation law, if any, by all Plaintiffs against Defendants is achieved. The other provisions shall remain valid and enforceable notwithstanding any invalidity, illegality, unenforceability, or failure to enforce any provision.

15. **Acknowledgement.** Prior to the execution of this Agreement as provided herein, the Parties acknowledge that they have read this Agreement, or, if the Plaintiff does not speak English, that he has had this Agreement translated to him into Spanish and has had the opportunity to consult with his attorneys regarding the terms and conditions herein. The Parties further acknowledge that, voluntarily, without coercion, duress, or undue influence, they sign this Agreement or have expressly authorized and directed their counsel to execute this Agreement on their behalf, with the intent to be bound by it.

16. **Entire Agreement.** This Agreement constitutes the full agreement and entire understanding between the Parties. It supersedes all prior agreements or understandings between the Parties. This Agreement may be modified only by a written agreement signed by an authorized representative of Plaintiffs and a duly authorized representative of Defendants.

17. **Authorization.** The undersigned counsel for Plaintiffs affirms that he or she has express authority to bind Plaintiffs and to enter into this Agreement on behalf of Plaintiffs.

The undersigned have executed this agreement as follows:

For the Plaintiffs:                                  For the Defendants:

*Gregory S. Schell*                                  *Dana  M. Gallup*
Gregory S. Schell                                    Dana M. Gallup
Florida Bar Number 287199                            Florida Bar Number 949329
SOUTHERN MIGRANT LEGAL SERVICES                      GALLUP AUERBACH
311 Plus Park Boulevard                              4000 Hollywood Boulevard
Suite 135                                            Presidential Circle, Suite 265 South
Nashville, Tennessee  37217                          Hollywood, Florida   33021
Telephone:      (615) 538-0725                       Telephone:      (954) 894-3035
Facsimile:      (615) 366-3349                       Facsimile:      (954) 894-8015
e-mail:         gschell@trla.org                     e-mail:         dgallup@gallup-law.com


Julie M. Larson                                      Jacob K. Auerbach
Missouri Bar Number 70500                            Florida Bar Number 084003
LEGAL AID OF WESTERN MISSOURI, INC.                  GALLUP) AUERBACH
4001 Blue Parkway                                    4000 Hollywood Boulevard
Suite 300                                            Presidential Circle, Suite 265 South
Kansas City, Missouri  64130                         Hollywood, Florida 33021
Telephone:      (816) 474-1413                       Telephone:      (954) 894-3035
Facsimile:      (816) 474-9751                       Facsimile:      (954) 894-8015
e-mail          jlarson@lawmo.org                    e-mail:         jauerbach@gallup-law.com
*Appearing pro hac vice*